UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HEATHER TEDD,

                Plaintiff,

v.                                                                             5:23-cv-00830 (AMN/CFH)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

**APPEARANCES:**          **OF COUNSEL:**

**THE LAW OFFICES OF**         **STEVEN R. DOLSON, ESQ.**
**STEVEN R. DOLSON PLLC**
6320 Fly Road – Suite 201
East Syracuse, NY 13057
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**         **JOHANNY SANTANA, ESQ.**
6401 Security Boulevard
Baltimore, MD 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Presently before the Court is a motion by Plaintiff's attorney, Steven R. Dolson, for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"). *See* Dkt. No. 19 ("Motion"). In response to the Motion, Defendant Commissioner of Social Security ("Commissioner" or "Defendant") filed a letter informing the Court that Defendant has no objection to the Motion and requesting that the Court enter an order awarding Plaintiff her attorney's fees. *See generally* Dkt. No. 20. For the reasons set forth herein, the Court grants the

Motion in its entirety.

## II.     BACKGROUND

Plaintiff Heather Tedd first applied for disability benefits on April 15, 2021, related to disabilities associated with stage 1 breast cancer, rheumatoid arthritis, joint swelling, pain, PTSD, anxiety, depression, IBS, syncopal, and neuropathy.  *See* Dkt. No. 11 at 2.[1]  Plaintiff's alleged disability began on November 30, 2018.  *See id*.  After the Social Security Administration denied Plaintiff's application, Plaintiff appealed.  *Id*.  On February 16, 2022, a hearing was conducted before an Administrative Law Judge ("ALJ"), and on April 7, 2022, the ALJ denied Plaintiff's claim.  *Id*.  On May 24, 2023, the Social Security Administration Appeals Council denied review.  *Id.*

On July 12, 2023, Plaintiff initiated this proceeding challenging the final determination of Defendant denying Plaintiff Social Security Disability benefits.  *See* Dkt. No. 1.  On October 18, 2023, Defendant filed the Social Security Administrative Record.  *See* Dkt. No. 10.  Plaintiff filed her Brief on December 4, 2023.  *See* Dkt. No. 11.  On February 13, 2024, the Parties filed a Stipulation for Remand, whereby they agreed that the Commissioner's final decision should be reversed, and requested that the action be remanded.  *See* Dkt. No. 16.  The Court so-ordered the Stipulation on February 15, 2024, *see* Dkt. No. 17, and simultaneously issued a judgment reversing the final decision of the Commissioner and remanding the matter to the Commissioner for further administrative proceedings pursuant to "sentence four" of 42 U.S.C. § 405(g).  *See* Dkt. No. 18.

While the Parties agree Plaintiff is entitled to the relief sought, the Court will nevertheless review the merits of the Motion.

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

### III.     DISCUSSION

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To receive an award, the party seeking fees must file an application within thirty days of the final judgment that (1) shows the plaintiff is a prevailing party whose net worth does not exceed $2,000,000; (2) includes an itemized statement of fees; and (3) alleges that the position of the government defendant was not substantially justified. § 2412(d)(1)(B); *see also Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 670 (S.D.N.Y. 2010).

The Motion establishes sufficient basis for the award of attorney's fees under the EAJA. First, Plaintiff establishes that the Order and Judgment constitute a final judgment in which Plaintiff has actually prevailed, and Plaintiff's Motion was filed within 30 days of the issuance of the Order and Judgment. *See* Dkt. No. 19-2 at 2 (citing *Shalala v. Schaefer*, 509 U.S. 292 (1993)). Second, Plaintiff's counsel submitted an itemized statement of fees in support of the Motion. *See* Dkt. No. 19-2 at 1-2. Further, Plaintiff sufficiently alleges that the government's position was not substantially justified, as Defendant—by stipulating to the relief sought in the Motion—did not attempt to carry its burden in showing that its position had a "reasonable basis in both law and fact." *See* Dkt. No. 19-2 at 3-4; *see also Rosalee Ann S. v. Comm'r of Soc. Sec.*, No. 6:20-CV-600 (DNH), 2021 WL 2641942, at *1 (N.D.N.Y. June 28, 2021) (citing *Sotelo-Aquije v. Slattery*, 62 F.3d 54, 57 (2d Cir. 1995)). Finally, Plaintiff's net worth did not exceed $2,000,000 when the action was filed. *See* Dkt. No. 19-2 at 2. Plaintiff has thus satisfied the requirements for an award of attorney's fees under the EAJA, and the Court will assess the reasonableness of the requested amounts.

Plaintiff seeks an award of attorney's fees in the sum of $4,085.19. *See* Dkt. No. 19-2 at 6. Plaintiff's counsel indicated that his firm spent a total of 16.5 attorney hours on the matter before this Court. *See id.* at 1-2. Awarding Plaintiff's counsel the total amount sought would result in a *de facto* hourly rate of $247.59 for attorney time. This hourly rate is well within the range of what courts have generally approved in the Northern District of New York. *See Russell W. v. Comm'r of Soc. Sec.*, No. 7:16-CV-00008 (MAD), 2019 WL 5307315, at *3 (N.D.N.Y. Oct. 21, 2019) (citing cases). Therefore, the Court finds that the requested amounts are reasonable.

"Awards under the EAJA are payable to the litigant 'subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States.'" *Nicole Lynn B. v. Comm'r of Soc. Sec.*, 5:21-CV-301 (MAD/DJS), 2022 WL 17991090, at *2 (N.D.N.Y. Dec. 28, 2022) (quoting *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010)). As such, the award will be paid directly to Plaintiff, subject to any government debts owed by Plaintiff.

### IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion to award attorney's fees under the EAJA, Dkt. No. 19, is **GRANTED in the amount of $4,085.19**; and the Court further

**ORDERS** that, if the United States Department of the Treasury determines that Plaintiff owes no debt that is subject to offset, this award shall be paid to Plaintiff; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: August 14, 2024
Albany, New York

Anne M. Nardacci
U.S. District Judge

4